**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

MARTINA LEWIS,

        Plaintiff,

v.

KUEHNE + NAGEL INC.,

        Defendant.

CIVIL ACTION
FILE NO.: 1:25-CV-03741-SCJ-RDC

**DEFENDANT KUEHNE + NAGEL INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Kuehne + Nagel Inc. ("K+N") hereby answers Plaintiff's Original Complaint and Jury Demand, stating as follows:

**DEFENSES**

**FIRST DEFENSE – FAILURE TO STATE A CLAIM**

Plaintiff's Complaint should be dismissed, in whole or in part, because some or all of Plaintiff's allegations fail to state a claim upon which relief can be granted.

**SECOND DEFENSE – AT-WILL PLACEMENT**

Plaintiff was at-will at all times during her temporary placement with Defendant, to the extent she can be considered an employee of Defendant.

**THIRD DEFENSE – STATUTE OF LIMITATIONS**

All claims in the Complaint that did not accrue within the timeframe

1

prescribed by law and within the limitations presented by law are barred.

## FOURTH DEFENSE – FAILURE TO EXHAUST

Plaintiff's claims are barred to the extent she failed to timely file a charge with the EEOC or otherwise exhaust her administrative remedies.

## FIFTH DEFENSE – LACK OF STANDING

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff was never an employee of Defendant and therefore lacks standing to assert claims under Title VII.

## SIXTH DEFENSE – AFTER-ACQUIRED EVIDENCE

Some or all of Plaintiff's claims may be barred by the after-acquired evidence doctrine.

## SEVENTH DEFENSE – NO ADVERSE EMPLOYMENT ACTION

Defendant did not take an adverse employment action against Plaintiff. While Defendant requested that Plaintiff be removed from its facility, the decision to end Plaintiff's placement was made solely by the temporary staffing agency.

## EIGHTH DEFENSE – LEGITIMATE BUSINESS REASONS

Any actions taken by Defendant affecting Plaintiff and/or the terms or conditions of her temporary placement were based on legitimate, non-discriminatory, and non-retaliatory reasons, including but not limited to individual performance, qualifications, skill, effort, experience, responsibility, merit, seniority,

and other bona fide business-related factors. All such decisions were made in the exercise of proper managerial discretion, in good faith, and for valid business reasons.

## NINTH DEFENSE – NO DISCRIMINATORY MOTIVE

Plaintiff's claims are barred, in whole or in part, because any alleged discrimination or retaliation experienced by Plaintiff was not because of Plaintiff's alleged protected status or protected conduct.

## TENTH DEFENSE – NO COMPARATOR FAVORITISM

Plaintiff's claims are barred to the extent Defendant did not treat any similarly situated individual outside Plaintiff's protected class more favorably than it treated Plaintiff.

## ELEVENTH DEFENSE – GENDER EXPRESSION

Any alleged mistreatment was not motivated by Plaintiff's sex, gender expression, or sexual orientation.

## TWELFTH DEFENSE – POLICIES & COMPLAINT PROCEDURES

Defendant maintained and enforced policies prohibiting discrimination, harassment, and retaliation, and procedures for prompt remedial action. Defendant exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided, including reporting procedures.

**THIRTEENTH DEFENSE – SAME DECISION**

Plaintiff's claims are barred to the extent Defendant would have made the same decisions with regard to Plaintiff irrespective of Plaintiff's protected status or alleged protected activity.

**FOURTEENTH DEFENSE – CONSENSUAL RELATIONSHIP**

Plaintiff's claims are barred to the extent the conduct at issue arose from a consensual relationship between Plaintiff and the alleged harasser.

**FIFTEENTH DEFENSE – NO NEGLIGENCE IN CO-WORKER HARASSMENT**

For any alleged co-worker harassment, Defendant is not liable to the extent it did not know and should not have known of the conduct, and took prompt remedial action once aware.

**SIXTEENTH DEFENSE – NOT SEVERE OR PERVASIVE**

The alleged conduct was not sufficiently severe or pervasive to alter the conditions of Plaintiff's temporary placement or create a hostile work environment.

**SEVENTEENTH DEFENSE – FAILURE TO MITIGATE / PLAINTIFF'S OWN CONDUCT**

Plaintiff's claims are barred to the extent she has failed to act reasonably to mitigate her alleged damages, if any, as required by law. Any damages Plaintiff suffered were the result of her own conduct or omissions.

**EIGHTEENTH DEFENSE – DAMAGES BARRED OR LIMITED BY LAW**

Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff seeks damages that exceed the types or amounts allowed by law.

**NINETEENTH DEFENSE – NO MALICE OR RECKLESS DISREGARD**

Plaintiff's claims for punitive, liquidated, or other enhanced damages are barred to the extent Defendant did not act with actual malice or reckless disregard for Plaintiff's rights, and because the standards for awarding such damages are vague, arbitrary, and overly discretionary in violation of Defendant's constitutional rights to due process under the Fifth and Fourteenth Amendments.

**TWENTIETH DEFENSE – JURY TRIAL LIMITATIONS**

To the extent Plaintiff seeks a jury trial, such request is barred or limited to the extent Plaintiff seeks equitable remedies or issues not triable by jury.

Defendant reserves the right to assert additional defenses as may become known through discovery or other investigation during the course of this litigation.

**<u>ANSWER</u>**

**PARTIES**

1.

Plaintiff Martina Lewis is a citizen and resident of the United States currently residing in Clayton County, GA.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, therefore, denies the allegations.

2.

Defendant Kuehne + Nagel Inc. may be served with process by serving its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

**ANSWER:**  Defendant admits the allegations in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C.§ 1343(a)(4).

**ANSWER:**  The allegations in paragraph 3 of the Complaint state a legal conclusion to which no response is required.

4.

This suit is authorized and instituted pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq. ("Title VII").

**ANSWER:**  The allegations in paragraph 4 of the Complaint state a legal conclusion to which no response is required. To the extent a response is deemed

necessary, Defendant admits that Plaintiff purports to bring this action under Title VII, but denies any violation of that statute.

5.

Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission on September 18, 2023. Plaintiff received her Notice of Rights to Sue on April 7, 2025. Hence, Plaintiff has exhausted her administrative remedies and timely brings this action.

**ANSWER:**  Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about September 18, 2023. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning when Plaintiff received her Notice of Right to Sue and, therefore, denies those allegations. The remaining allegations in paragraph 5, including those regarding timeliness and exhaustion of administrative remedies, state legal conclusions to which no response is required.

6.

Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred within this district.

**ANSWER:**  The allegations in paragraph 6 of the Complaint state a legal conclusion to which no response is required.

## FACTUAL BACKGROUND

7.

Plaintiff began employment with Defendant on or about October 2022.

**ANSWER:** Defendant admits that Plaintiff was placed at its facility by a temporary staffing agency on or about October 2022, but denies the remaining allegations in paragraph 7 of the Complaint.

8.

In November 2022, the Outbound Lead, Robreshia Watkins ("Ms. Watkins") began sending Plaintiff romantic text messages.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint concerning whether Ms. Watkins sent Plaintiff "romantic text messages" and, therefore, denies those allegations. Defendant states that any documents referenced in paragraph 8 speak for themselves and denies any allegations inconsistent therewith.

9.

Shortly thereafter, Plaintiff declined Ms. Watkins's romantic advances.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, therefore, denies the allegations.

10.

In December 2022, Plaintiff reported the sexual harassment she received from Ms. Watkins to her Team Lead, Mike Stewart ("Mr. Stewart").

**ANSWER:**   Defendant denies the allegations in paragraph 10 of the Complaint.

11.

Despite Plaintiff's report, Ms. Watkins's sexual advances continued.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, therefore, denies the allegations.

12.

On or about March 22, 2023, Plaintiff reported discriminatory conduct by her supervisor, Oluwatoyin Alabi Obafeme ("Olu"), to Regional Manager Melissa Jahn Wasson and Inventory Manager Bernadette Brown.

**ANSWER:**   Defendant denies the allegations in paragraph 12 of the Complaint.

13.

Plaintiff, a masculine-presenting woman, was routinely referred to by Olu as "the Lady," while other employees were addressed by their names.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint concerning how Plaintiff presents and, therefore, denies those allegations. Defendant denies the remaining allegations in paragraph 13 of the Complaint.

14.

Olu treated Plaintiff differently than her similarly situated male coworkers by assigning her heavier workloads.

**ANSWER:** Defendant denies the allegations in paragraph 14 of the Complaint.

15.

On or about June 10, 2023, Plaintiff's coworker, Helen, reported the sexual harassment Plaintiff received from Ms. Watkins to Operations Manager Joycelyn Franklin ("Ms. Franklin").

**ANSWER:** Defendant denies the allegations in paragraph 15 of the Complaint.

16.

On or about June 17, 2023, Plaintiff was terminated by Ms. Franklin.

**ANSWER:** Defendant denies the allegations in paragraph 16 of the Complaint.

17.

On or about June 22, 2023, Team Lead Mr. Stewart reported Plaintiff's sexual harassment claims to Human Resources.

**ANSWER:** Defendant admits that Stewart was interviewed in connection with an internal investigation and that, during his interview, he relayed that Plaintiff had expressed concerns regarding her interactions with Ms. Watkins. Defendant denies the remaining allegations in paragraph 17 of the Complaint.

18.

Ms. Watkins continued to send inappropriate messages and images to Plaintiff for eight months, from November 2022 through June 2023.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and, therefore, denies the allegations.

19.

Plaintiff was subjected to sexual harassment and discriminatory treatment throughout her employment with Defendant.

**ANSWER:** Defendant denies the allegations in paragraph 19 of the Complaint.

## COUNT I
## SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

20.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 19 of this Complaint as though fully set forth herein.

**ANSWER:** Defendant objects to paragraph 20 of the Complaint on the grounds that it improperly incorporates by reference all preceding paragraphs, rendering it an impermissible "shotgun" allegation.

21.

Title VII prohibits employers from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's sex, including protection from sexual harassment.

**ANSWER:** The allegations in paragraph 21 of the Complaint state legal conclusions to which no response is required.

22.

Plaintiff is a member of a protected class under Title VII as a woman and as a victim of sexual harassment.

**ANSWER:** Defendant admits that Plaintiff is a woman. Defendant denies that Plaintiff was subjected to sexual harassment. The remaining allegations in paragraph 22 of the Complaint state legal conclusions to which no response is required.

23.

From November 2022 through June 2023, Plaintiff was subjected to unwelcome and pervasive sexual harassment by Defendant's Outbound Lead, Ms. Watkins.

**ANSWER:**    Defendant denies the allegations in paragraph 23 of the Complaint.

24.

Ms. Watkins's conduct included sending Plaintiff romantic text messages, sexually suggestive messages, and inappropriate images.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of the Complaint concerning what Ms. Watkins may have sent to Plaintiff and, therefore, denies the allegations.

25.

Despite Plaintiff's clear rejection of Ms. Watkins's romantic advances, Ms. Watkins continued to harass Plaintiff.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 of the Complaint concerning Plaintiff's alleged rejection of Ms. Watkins's advances and, therefore, denies the allegations.

26.

In December 2022, Plaintiff reported the sexual harassment by Ms. Watkins to her Team Lead, Mr. Stewart.

**ANSWER:** Defendant denies the allegations in paragraph 26 of the Complaint.

27.

Despite Plaintiff's report to management, Defendant failed to take any corrective or preventive action to stop the harassment.

**ANSWER:** Defendant denies the allegations in paragraph 27 of the Complaint.

28.

The harassment persisted and escalated, creating a hostile work environment that altered the terms, conditions, and privileges of Plaintiff's employment.

**ANSWER:** Defendant denies the allegations in paragraph 28 of the Complaint.

29.

Plaintiff's coworker, Helen, reported the ongoing sexual harassment to Ms. Franklin on June 10, 2023.

**ANSWER:** Defendant denies the allegations in paragraph 29 of the Complaint.

30.

Despite knowledge of the ongoing harassment by multiple members of Defendant's management team, including the Team Lead, Operations Manager, Regional Manager, and Inventory Manager, Defendant failed to take prompt and effective action to remedy the situation.

**ANSWER:** Defendant denies the allegations in paragraph 30 of the Complaint.

31.

The continuous sexual harassment and Defendant's failure to act created an intimidating, hostile, and offensive work environment for Plaintiff.

**ANSWER:** Defendant denies the allegations in paragraph 31 of the Complaint.

32.

The sexual harassment was severe and pervasive, as it spanned a period of eight months, and involved repeated and escalating incidents of inappropriate and unwanted behavior from Ms. Watkins.

**ANSWER:** Defendant denies the allegations in paragraph 32 of the Complaint.

33.

Defendant acted with malice and reckless indifference to Plaintiff's federally

protected rights by failing to take appropriate measures to stop the harassment.

**ANSWER:** Defendant denies the allegations in paragraph 33 of the Complaint.

34.

Defendant's conduct, as described herein, constitutes sexual harassment in violation of Title VII.

**ANSWER:** Defendant denies the allegations in paragraph 34 of the Complaint.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

35.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 34 of this Complaint as though fully set forth herein.

**ANSWER:** Defendant objects to paragraph 35 of the Complaint on the grounds that it improperly incorporates by reference all preceding paragraphs, rendering it an impermissible "shotgun" allegation.

36.

Title VII prohibits employers from retaliating against employees who oppose unlawful employment practices or who participate in any manner in an investigation, proceeding, or hearing under Title VII.

16

**ANSWER:** The allegations in paragraph 36 of the Complaint state legal conclusions to which no response is required.

37.

Plaintiff engaged in protected activity under Title VII by opposing and reporting sexual harassment to her Team Lead, Mr. Stewart, in December 2022.

**ANSWER:** Defendant denies the allegations in paragraph 37 of the Complaint.

38.

Plaintiff further engaged in protected activity by reporting discrimination based on her gender and sexual orientation to Regional Manager Melissa Jahn Wasson and Inventory Manager Bernadette Brown on or about March 22, 2023.

**ANSWER:** Defendant denies the allegations in paragraph 38 of the Complaint.

39.

On June 10, 2023, Plaintiff's coworker, Helen, reported the sexual harassment Plaintiff experienced from Ms. Watkins to Ms. Franklin, further bringing Plaintiff's complaints to Defendant's attention.

**ANSWER:** Defendant denies the allegations in paragraph 39 of the Complaint.

40.

On June 17, 2023, Plaintiff was terminated by Ms. Franklin, despite having reported the harassment and discrimination she endured.

**ANSWER:** Defendant denies the allegations in paragraph 40 of the Complaint.

41.

Plaintiff's termination occurred just one week after her coworker's report of the ongoing sexual harassment to Ms. Franklin, creating a close temporal connection between the protected activity and the adverse employment action.

**ANSWER:** Defendant denies the allegations in paragraph 41 of the Complaint.

42.

Defendant's decision to terminate Plaintiff was directly motivated by Plaintiff's protected activity of reporting sexual harassment and discrimination.

**ANSWER:** Defendant denies the allegations in paragraph 42 of the Complaint.

43.

The termination of Plaintiff's employment constituted a materially adverse action, as it would dissuade a reasonable employee from making or supporting a charge of discrimination or harassment.

**ANSWER:** The allegations in paragraph 43 of the Complaint regarding whether the ending of Plaintiff's temporary placement constituted a materially adverse action state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies that ending Plaintiff's temporary placement was the result of any protected conduct.

44.

Defendant's retaliatory actions against Plaintiff were in violation of Title VII.

**ANSWER:** Defendant denies that it took any retaliatory action against Plaintiff and further denies any remaining allegations in paragraph 44 of the Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation and claim set forth in Plaintiff's Complaint that otherwise is not specifically admitted in this Answer, including, but not limited to, each and every allegation and claim for relief as set forth in Plaintiff's captions, titles, allegations, and prayers for relief.

WHEREFORE, Defendant respectfully prays that this Court:

(a)   dismiss Plaintiff's Complaint;

(b)   or, alternatively, award judgment in favor of the Defendant; and

(c)   tax all costs and attorneys' fees against Plaintiff; and

(d)     for such other and further relief as this Court deems appropriate and

just.

Respectfully submitted on September 15, 2025.

BARNES & THORNBURG LLP

*/s/ Leslie K. Eason*
Leslie K. Eason
Georgia Bar No. 100186
Robert Baker
Georgia Bar No. 971854
3340 Peachtree Road, N.E., Suite 2900
Atlanta, GA 30326
(404) 264-4085
(404) 264-4033 (Facsimile)
Leslie.Eason@btlaw.com
Robert.Baker@btlaw.com

*Attorneys for Defendant*

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 15, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, sending notification of such filing to all counsel of record as follows:

Jesse L. Kelly
JESSE KELLY PC
355 Lenox Road, Suite 1000
Atlanta, GA 30326
jesse@jkellypc.com

*/s/ Leslie K. Eason*
Leslie K. Eason
Georgia Bar No. 100186